UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

vs.

65.08094134 Bitcoin; 247653.48461442 United States Dollar Tether; 9.1345 Ethereum; 25000.461 Unites States Dollar Tether; 1.00000785 Bitcoin; 0.17972627 Bitcoin; and 27892.00185173 United States Dollar Tether.

        Defendants *in Rem*.

Civil Case No.

Honorable

Magistrate Judge

---

## Complaint for Forfeiture

---

Now comes plaintiff, United States of America, by and through its undersigned attorneys, and states upon information and belief in support of this Complaint for Forfeiture as follows:

### Jurisdiction and Venue

1. This is an *in rem* civil forfeiture action pursuant to 18 U.S.C. § 981(a)(1)(A), resulting from violations of 18 U.S.C. §§ 371, 1956, 1957, and 1960.

2. This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 because this action is being commenced by the United States of America as plaintiff.

3. This Court has jurisdiction over this forfeiture action pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the government's claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(c) because the defendants *in rem* were brought into the Eastern District of Michigan.

## Defendants *In rem*

6. The defendants *in rem* consist of:

   a. 65.08094134 Bitcoin (seized from Binance User ID 26712506);

   b. 247653.48461442 United States Dollar Tether (seized from Binance User ID 40215431);

   c. 9.1345 Ethereum (seized from Binance User ID 91594658);

    d. 25000.461 United States Dollar Tether (seized from Binance User ID 91594658);

    e. 1.00000785 Bitcoin (seized from Binance User ID 91594658);

    f. 0.17972627 Bitcoin (seized from Binance User ID 39886353); and

    g. 27892.00185173 United States Dollar Tether (seized from Binance User ID 39886353).

("Defendant Cryptocurrencies").

7. The Defendant Cryptocurrencies were seized on or about May 19, 2022, pursuant to a seizure warrant authorized by the United States District Court for the Eastern District of Michigan.

## Underlying Criminal Statutes

8. Title 21, United States Code, Section 841(a), prohibits anyone from (i) manufacturing, distributing, or dispensing, or possessing with intent to manufacture, distribute, or dispense, a controlled substance; or (ii) creating, distributing, or dispensing, or possessing with intent to distribute or dispense, a counterfeit substance. A conspiracy to violate the same statute is proscribed by Title 21, United States Code, Section 846.

9. Pursuant to Title 18, United States Code, Section 371, if two or more persons conspire either to commit any offense against the

United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each person shall be fined or imprisoned not more than five years, or both.

10. Title 18, United States Code, Section 1956(a)(1)(B), prohibits conducting financial transactions knowing that the transaction is designed in whole or in part (i) to conceal or disguise the nature, location, source, ownership or control of the proceeds of the specified unlawful activity; or (ii) to avoid a transaction reporting requirement under State or Federal law.

11. Title 18, United States Code, Section 1956(h), provides that any person who conspires to commit any offense defined in Title 18, United States Code, Sections 1956 or 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

12. Title 18, United States Code, Section 1957, prohibits knowingly engaging or attempting to engage in a monetary transaction in criminally derived property of a value greater than $10,000 that is derived from specified unlawful activity.

13. Title 18, United States Code, Section 1960, makes it unlawful to engage in an unlicensed money transmitting business. An unlicensed money transmitting business is defined as one which affects interstate or foreign commerce in any manner or degree, is operated without an appropriate license in a state, whether or not the transmitter knew that the operation was required to be licensed, is not in compliance with the money transmitting business registration requirements under 31 U.S.C. § 5330, which requires that money transmitting businesses be registered with the Secretary of the Treasury, or otherwise involves the transportation or transmission of funds that are known by the transmitter to have been derived from a criminal offense, or are intended to be used to promote or support unlawful activity.

## Statutory Basis for Civil Forfeiture

14. Title 18, United States Code, Section 981(a)(1)(A), provides for the forfeiture to the United States of any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957, or 1960 of Title 18 of the United States Code, or any property traceable to such property.

## Factual Basis for Forfeiture

15.  The Defendant Cryptocurrencies are forfeitable to the United States as property involved in a money laundering and unlicensed money transmitting conspiracy, in violation of 18 U.S.C. §§ 371, 1956, 1957, and 1960. The facts supporting this determination include, but are not limited to, the following:

16.  The Defendant Cryptocurrencies were seized from Binance accounts utilized by a Money Laundering Organization (MLO) based in Mexico to transmit the proceeds of international drug trafficking. The Binance accounts were also utilized to facilitate unlicensed money transmitting involving the United States through U.S. dollar cash and cryptocurrency transactions. Binance is a cryptocurrency exchange where registered users can trade cryptocurrencies.

17.  The money laundering activities of the MLO, beginning in at least 2018 and continuing to the present, include couriers who pick up bulk U.S. currency obtained from drug trafficking sales, the depositing of the bulk currency into a bank account, the conversion of the currency to Bitcoin or other cryptocurrency, and the transmission of the cryptocurrency to a digital address that is provided to cryptocurrency

account operators by the MLO. At least one of the financial accounts involved and utilized in the MLO conspiracy was located in the Eastern District of Michigan.

18. Binance accounts utilized to facilitate the money laundering and unlicensed money transmitting conspiracy by conducting cryptocurrency transactions, included, but was not limited to, Binance User IDs: 26712506, 40215431, 91594658, and 39886353 ("target Binance accounts").

19. On May 19, 2022, a federally authorized seizure warrant was executed against the target Binance accounts, resulting in the seizure of the Defendant Cryptocurrencies.

## Claim

20. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs one through 19 above, including all their subparts.

21. Based upon the facts outlined above and the applicable law, the Defendant Cryptocurrencies are forfeitable to the United States as pursuant to 18 U.S.C. § 981(a)(1)(A), as property involved in a money

laundering and unlicensed money transmitting conspiracy, in violation of 18 U.S.C. §§ 371, 1956, 1957, and 1960.

## Conclusion and Relief

WHEREFORE plaintiff respectfully requests that a warrant for arrest of the defendants *in rem* be issued; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the defendants *in rem* be condemned and forfeited to the United States of America for disposition according to law; and that the United States be granted other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

DAWN N. ISON
United States Attorney

s/ Gjon Juncaj
GJON JUNCAJ (P63256)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0209
Dated: February 14, 2023    Gjon.juncaj@usdoj.gov

8

## **VERIFICATION**

I, Jeremy Fitch, am a Special Agent with the Drug Enforcement Administration. I have read the foregoing Complaint for Forfeiture and assert under penalty of perjury under the laws of the United States of America that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information that I received from other law enforcement agents and/or officers.

_____
Jeremy Fitch, Special Agent
Dated: February 14, 2023    Drug Enforcement Administration